UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GAVRIEL SHMUELI

    Plaintiff.

v.

ALEJANDRO N. MAYORKAS, SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY; DOE DEFENDANTS 1-10;

    Defendants.

Case No:

Hon.

## COMPLAINT

NOW COMES Plaintiff, Gavriel Shmueli, by and through counsel, Solomon M. Radner and The Law Office of Keith Altman PLLC, states:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Gavriel Shmueli was at all pertinent times a United States Department of Homeland Security ("USDHS") employee and acted in such capacity. He resides in Oakland County, Michigan.

1. Defendant Alejandro N. Mayorkas is the Secretary for the United States Department of Homeland Security, a governmental entity.

2. The facts giving rise to this action took place in Wayne County, Michigan.

1

3. Doe Defendants 1-10 were at all times employed with the United States Department of Homeland Security under the Transportation Security Authority ("TSA") at the Detroit Wayne County Metropolitan Airport ("DTW").

4. This is a civil rights action in which Plaintiff seeks relief for violations of his rights secured by 42 U.S.C. § 1983 and the First Amendment.

5. Jurisdiction and venue are thus proper in this Court.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed by the United States Department of Homeland Security under the Transportation Security Administration ("TSA") from October 2021 through April 2023 at the Detroit Wayne County Metropolitan Airport ("DTW").

7. During Plaintiff's tenure at the TSA, Plaintiff suffered repeated violations of his constitutional right to practice his religion.

8. Plaintiff is an orthodox Jew.

9. Plaintiff notified the TSA of his religion and the religious restriction he must abide by during the onboarding stage of his employment in October 2021.

10. Plaintiff's religious accommodations were met at FLETC3 and on-site training.

11. TSA did not require Plaintiff to work for the period of 18 minutes before sundown on Fridays until one-hour past sundown on Saturdays or on religious holidays.

12. Plaintiff completed training and was certified as a TSO on April 25, 2022.

13. On April 26, 2022, Plaintiff sent an email regarding his request for reasonable accommodation to the scheduling department, which informed him that he needed to file a request with Human Resources ("HR").

14. On April 27, 2022, Plaintiff delivered the required form, along with a letter written by his rabbi, to HR.

15. As of April 27, 2022, Plaintiff was on a shift with Fridays and Saturdays as his regular days off.

16. His new shift was scheduled to begin May 8, 2022, with Tuesdays and Wednesdays as his regular days off.

17. Under the 2020 Collective Bargaining Agreement ("CBA") that Plaintiff was a party to, there were three types of compensatory time off that bargaining unit employees may earn and use: compensatory time in lieu of overtime pay, for travel, and for religious observances.

18. On May 4, 2022, TSA management told him that TSA would not accommodate his request for the Sabbath off because it would be unfair to other

employees and the Agency would have to grant other employees' requests for days off.

19. TSA management continued to advise Plaintiff that the CBA indicates TSA does not have to honor religious accommodation requests.

20. On May 4, 2022, TSA management denied Plaintiff's religious accommodation request to have Sabbath off.

21. On May 15, 2022, TSA management rescinded Plaintiff's previously approved scheduled swap, which would allow Plaintiff to have the Sabbath off.

22. On June 10, 2022, TSA management removed Plaintiff's religious compensatory time from the payroll system.

23. On June 15, 2022, TSA management scheduled Plaintiff to work on June 18, 2022.

24. June 18, 2022, is a religious day of the Sabbath.

25. Jews are prohibited from working on the Sabbath.

26. Plaintiff stated that TSA management informed him that not all the checkpoints in the McNamara terminal at DTW were adequately staffed. However, as of June 15, 2022, Plaintiff's checkpoint, RED 1, was fully staffed.

27. Plaintiff submitted his request not to work on June 18, 2022, 30 days in advance, and he was told, "off the record," that at least two other employees had

submitted their requests in the current week and were granted leave for June 18, 2022.

28. On June 17, 2022, Plaintiff was feeling unwell as a result of being forced to work on a holy day thereby going against his religious practices.

29. Plaintiff left work early on Friday, June 17, 2022, as he was feeling unwell.

30. Plaintiff called in sick on June 18, 2022.

31. On June 19, 2022, TSA management accused Plaintiff of abusing sick leave and requested a medical note for Plaintiff's absence on June 18, 2022.

32. Plaintiff was not paid his sick leave pay for June 18, 2022.

## COUNT I – *Bivins* –Violations of First Amendment Freedom of Religion or as an alternative First Amendment Retaliation (*Plaintiff vs All Defendants*)

33. Plaintiff incorporates by reference all prior allegations as if fully restated.

34. A *Bivens* action is an implied cause of action for damages under the Constitution against federal officials.

35. To state a First Amendment retaliation claim, a plaintiff must plead that (1) she engaged in conduct that is protected under the First Amendment; (2) the defendant took an adverse action against her "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) the defendant's

5

"adverse action was motivated at least in part by the plaintiff's protected conduct." *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005).

36. Plaintiff is an orthodox Jew.

37. Plaintiff observed the religious Sabbath, from sundown Friday to sundown Saturday weekly.

38. Defendant revoked Plaintiff's religious accommodation schedule.

39. Defendant revoked Plaintiff's religious compensatory time.

40. Defendant denied Plaintiff June 18, 2022, off work, a sabbath day, in light of approving other non-Jews the day off with less notice.

41. There was a direct causal connection between Plaintiff's protected speech and Defendant's adverse action.

42. Plaintiff suffered harm as a direct and foreseeable result.

### **COUNT II – *Bivins* –Violations of Fifth Amendment Due Process – Discrimination**
**(*Plaintiff vs All Defendants*)**

43. Plaintiff incorporates by reference all prior allegations as if fully restated.

44. A *Bivens* action is an implied cause of action for damages under the Constitution against federal officials.

45. The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law."

46. This clause provides heightened protection against government interference with certain fundamental rights and liberty interests.

47. Plaintiff is an orthodox Jew.

48. Plaintiff observed the religious Sabbath, from sundown Friday to sundown Saturday weekly.

49. Defendant revoked Plaintiff's religious accommodation schedule.

50. Defendant revoked Plaintiff's religious compensatory time.

51. Defendant denied Plaintiff June 18, 2022, off work, a sabbath day, in light of approving other non-Jews the day off with less notice.

52. There was a direct causal connection between Plaintiff's protected speech and Defendant's adverse action.

53. Plaintiff suffered harm as a direct and foreseeable result.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: September 11, 2024                    Respectfully Submitted,

/s/ *Solomon M. Radner*
Solomon M. Radner, Esq. (P73653)
*Attorney for Plaintiff*
THE LAW OFFICE OF KEITH ALTMAN
17515 W. 9 Mile Road, Ste 1050
Southfield, MI, 48075
solomonradner@kaltmanlaw.com
Tel: (248) 987-8929